IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH BLEA,

    Petitioner,

v.                                                                         No. 20-cv-986 JCH-JHR

RICHARD MARTINEZ and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

## SECOND ORDER DIRECTING AMENDMENT

    THIS MATTER comes before the Court on Petitioner Joseph Blea's Second Memorandum to Append Section 2254 Federal Habeas Corpus Petition [Doc. 14] filed November 24, 2021, and Supplemental Memorandum to Append 2254 Federal Habeas Corpus Petition [Doc. 15] filed March 29, 2022.

    Blea filed a 134-page Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody on September 25, 2020 [Doc. 1], a Motion for Production of Discovery on November 19, 2020 [Doc. 3], and a 347-page Memorandum to Append "Motion for Production of Discovery" and Section 2254 Federal Habeas Corpus Petition on December 7, 2020 [Doc. 4]. The Court denied the motion for production of discovery as premature and instructed Blea to refile his claims on the official § 2254 form that complies with Rule 8(a) because "[t]he Petition and supplement do not contain a short, plain statement of the grounds for relief, as required by Fed. R. Civ. P. 8(a), nor do they 'substantially follow … the form' § 2254 petition, as required by Habeas Corpus Rule 2d." [Doc. 5, pp. 1]. Blea filed an amended petition on March 15, 2021 [Doc. 7], and Respondents answered on May 20, 2021 [Doc. 11]. Blea did not file a reply and the time to do so

1

has passed. *See* D.N.M.LR-Civ. 7.4(a).

On November 24, 2021, Blea filed a 65-page second memorandum to append § 2254 petition that has 572 pages of exhibits [Doc. 14]. Based on the Court's initial review of the record, this Motion is functionally a motion to amend that asks the Court to consider his motion for production [Doc. 3] and his first supplement to the § 2254 petition [Doc. 4] again on the merits. [Doc. 14, p. 2]. On March 29, 2022, Blea filed a 25-page supplemental memorandum to append § 2254 petition [Doc. 15]. Based on the Court's initial review of the record, this Motion is functionally a notice of supplemental authority since Blea says he "only recently became aware of such 'relevant authority' when, during the course of doing legal research, he became familiar with 'shepardizing.'" [*Id*. p. 2]; *see* D.N.M.LR-Civ. 7.8 ("If controlling authority comes to a party's attention after the party's brief has been filed . . . a party must promptly file a 'Notice of Supplemental Authorities.'") In the Motion, Blea provides additional authority and arguments to support his § 2254 petition. [*See generally id.*].

First, "The length of a motion . . . must not exceed twenty-seven (27) double-spaced pages" and "[a]ll exhibits to a motion . . . must not exceed a total of fifty (50) pages[.]" D.N.M.LR-Civ. 7.5, 10.5. The Court will summarily dismiss Blea's second memorandum to append § 2254 petition [Doc. 14] for failure to comply with local rules 7.5 and 10.5. Furthermore, "[t]he Notice [of Supplemental Authorities] must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally. The body of the Notice must not exceed 350 words." D.N.M.LR-Civ. 7.8(c). The Court will summarily dismiss the supplemental memorandum to append § 2254 petition [Doc. 15] because it is more than 350 words and does not refer to the pertinent page(s) of the brief.

In the interest of justice, Blea may refile a motion to amend within thirty (30) days of entry

of this Order. If refiling, Blea must also attach a second amended § 2254 petition on the official § 2254 form that complies with Rule 8, the local rules, the Court's earlier order directing amendment [Doc. 5], and this Order. Blea may incorporate additional authorities in the proposed second amended § 2254 petition.

The Court will not consider Blea's motion for production [Doc. 3] and his first supplement to the § 2254 petition [Doc. 4] because the Court already disposed of those documents in its earlier order directing amendment. [Doc. 5].

SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE