## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSEPH BLEA,

      Petitioner,

v.                                        No. 20-cv-0986 JCH-JHR

RICHARD MARTINEZ and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

      Respondents.

## <u>THIRD ORDER DIRECTING AMENDMENT</u>

THIS MATTER comes before the Court on Petitioner Joseph Blea's Second Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 17] filed May 12, 2022 and Amended Memorandum to Aphend (*sic*) Section 2254 Federal Habeas Corpus Petition [Doc. 18] filed May 13, 2022.

Blea commenced this action by filing a § 2254 petition on September 25, 2020 [Doc. 1]. The Court instructed him to refile because "[t]he Petition and supplement do not contain a short, plain statement of the grounds for relief, as required by Fed. R. Civ. P. 8(a), nor do they 'substantially follow … the form' § 2254 petition, as required by Habeas Corpus Rule 2d." [Doc. 5, p. 1]. Blea filed a court-authorized amended petition on March 15, 2021 [Doc. 7], and Respondents answered on May 20, 2021 [Doc. 11]. Blea did not file a reply and the time to do so has passed. *See* D.N.M.LR-Civ. 7.4(a).

Blea then filed his second memorandum to append § 2254 petition [Doc. 14] on November 24, 2021, and a supplemental memorandum to append § 2254 petition [Doc. 15] on March 29, 2022. The Court summarily dismissed these pleadings for failure to comply with the local rules.

1

[*See* Doc. 16]. In the interest of justice, the Court allowed Blea to "refile a motion to amend within thirty (30) days of entry of this Order. If refiling, Blea must also attach a second amended § 2254 petition on the official 2254 form that complies with Rule 8, the local rules, the Court's earlier order directing amendment [Doc. 5], and this Order." [*Id.*, pp. 2-3].

Instead of complying with the Court's order and refiling a motion to amend, Blea filed a stand-alone proposed second amended § 2254 petition, followed by a supplement. [Docs. 17, 18].

Rule 15 of the Federal Rules of Civil Procedure[1] governs amendment of pleadings and provides that, when not allowed to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." F. R. Civ. P. 15(a)(2). Blea is not allowed to amend as a matter of course since he commenced this action on September 25, 2020, and Respondents answered on May 20, 2021. *See* F. R. Civ. P. 15(a)(1). For this proposed amendment, he did not have Respondents' written consent nor the Court's leave. The Court will summarily dismiss these pleadings [Docs. 17, 18] for failure to comply with Rule 15.

In the interest of justice, Blea may refile a motion to amend within thirty (30) days of entry of this Order. If refiling, Blea must also attach a second amended § 2254 petition on the official § 2254 form that complies with the federal rules, the local rules, and all three of the Court's orders directing amendment.

Courts have broad discretion on whether to grant leave to amend. *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Repeated failure to cure deficiencies by amendments previously allowed is a ground for denying amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Furthermore, courts have inherent authority to, among other things, regulate their docket and promote judicial efficiency, and the rules of civil procedure "should be construed,

---

[1] Rule 15 is made applicable to habeas proceedings by 28 U.S.C. § 2242, Fed. R. Civ. P. 81(a)(4), and Habeas Corpus Rule 12. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984). If Blea fails to refile a motion to amend again; in the interest of speed and justice, the Court will not allow further amendments and will resolve this proceeding based on the court-authorized § 2254 petition [Doc. 7].

Because the Court will summarily dismiss Blea's second amended § 2254 petition and its supplement [Docs. 17, 18], the Court will also dismiss Respondents' motion to strike these two pleadings [Doc. 19] as MOOT.

SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE