IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSEPH BLEA,

    Petitioner,

v.                                                        No. 2:20-cv-00986-JCH-JHR

RICHARD MARTINEZ and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DECISION DENYING MOTION TO AMEND HABEAS CORPUS PETITION AND DISMISSING CASE

Joseph Blea filed a Motion to Amend his 28 U.S.C. § 2254 Habeas Corpus Petition on August 11, 2022. [Doc. 25]. The motion followed multiple prior orders to amend to correct deficiencies in the form of Blea's prior motions. *See recitations of the record*, [Doc. 25, pp. 13]. The current motion appears to address those deficiencies, including attachment of the proposed motion as an exhibit, and conform to the most recent order to amend. [Doc. 23]. Deemed responsive to the Court's direction, the motion will be considered on its merits under Fed. R. Civ. P. 15. Respondents filed a response on August 25, 2022. [Doc. 26]. Blea replied on September 29, 2022. [Doc. 27].

### BACKGROUND

At the heart of Blea's proposed amended petition is his persistent argument that his prosecution by the State of New Mexico was invalid because the applicable statute of limitations had expired. More specifically, Blea insists that the limitations period was fifteen years after the 1988 offense, pursuant to the statute in effect at that time, and that a subsequent amendment lengthening the expiration period cannot be applied to him because it would violate

1

the ex post facto clause of the United States Constitution. Key to the claim is his argument that he has a right to application of the original limitation that vested in 1988 when the crime was reported to police.

Blea couches the argument in various ways in his proposed petition, as ineffective assistance of counsel as well as deprivation of due process, *see* [Doc. 25, p. 4], but each is built upon the foundation of his ex post facto argument:[1]

> In the instant case, the cause of action had accrued, thus, rights had vested. Therefore, the 1997 Amendment, eliminating the time period on first-degree and capital offenses, did not apply retroactively. Simply, the original application (15) fifteen-year time period governed. Furthermore, when the original applicable governing time period expired before prosecution commenced, petition became vested with a "fully complete statute of limitations defense" that forever barred prosecution.

[Doc. 25, p. 7] (emphasis omitted).

Each of Blea's proposed arguments fails if that argument is mistaken, *i.e.*, if application of the extended limitations period to Blea was not an ex post facto violation, amendment to allow the argument would be futile. The operative dates are not disputed, so the claim can be resolved on the present record as a matter of law. Resolution requires, first, a review of New Mexico law describing the operation of the statute that extended the limitations period and, second, analysis of the federal constitutional prohibition of ex post facto laws.

## LEGAL STANDARDS

Rule 15 authorizes the Court to allow amendment of pleadings and instructs that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend

---

[1] Blea also asserts an alternative claim of unreasonable determination of facts by the State court that summarily denied his state petition for habeas corpus, [Doc. 25, p. 6], but does not develop the argument nor dispute any of the facts (*i.e.*, dates) that inform his ex post facto argument. Blea says "the fact-finding process was defective because [he] never had a fair chance in state court to have the relevant habeas facts heard and determined" but he does not reveal what additional facts would be material to his claim. *Id.*

2

is subject, however, to some limiting principles, and specific experience has shown that justice is not served when proposed claims will inevitably be dismissed because amendment in those circumstances would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## ANALYSIS

a. **Blea's first argument that he was entitled to the same statute of limitations protection effective at the time of his offense fails.**

Blea's first argument is that the State of New Mexico did not intend that the amendment of the limitations period apply to people in his situation, but instead he was entitled to the protection of the statute of limitations in effect at the time that he committed the offense and it was reported to the police. His primary argument is that "the New Mexico Supreme Court applies the statute of limitations that is specific to the statute at the time the cause of action accrued and not the amended time limit." [Doc. 25, p. 7] (emphasis omitted). He relies upon a federal court opinion applying a New Mexico statute of limitations in a civil cause of action for unpaid overtime. *See Andrew v. Schlumberger Technology Co.*, 808 F.Supp.2d 1288 (D.N.M. 2011). In that case, a one-year limitations period in effect when the claim accrued was later amended to three years; the employer asserted that claims filed just within the three-year limit were time-barred after one year. 808 F.Supp.2d at 1291. The Court's analysis of federal law of retroactivity in that case, *see* 808 F.Supp.2d at 1293-94, is not determinative of the interpretation of the New Mexico amendment in this case, partly because that would be an issue of New Mexico law. *See* 808 F.Supp.2d at 1294 ("New Mexico law controls whether a New Mexico statute of limitation is retroactive."). The federal court proceeded to analyze New Mexico law, notably relying upon only civil cases, and determined that "[t]here does not appear to be any distance" between the federal and New Mexico law of retroactivity that applied in

3

*Andrew*. *Id.*, at 1294. Ultimately, as pertinent here, the Court concluded that New Mexico generally considers statutes "impair[ing] vested rights under prior law" to be retroactive in nature. *Id.*, at 1295 (citing *Wood v. State of N.M. Edu. Ret. Bd.*, 149 N.M. 455, 250 P.3d 881, 886 (Ct.App. 2010) (additional citation omitted)). The Court then extended its analysis to whether there was evidence that the New Mexico legislature intended retroactive application of the longer limitations period for wage cases, concluded that it did not, and dismissed the employer's claim that had expired under the older shorter period. *Andrew*, 808 F.Supp.2d at 1299-1300.

Classifying a statute as retroactive because it impairs vested rights, however, does not necessarily mean the statute is void. In fact, the New Mexico Supreme Court reached the contrary conclusion in a case interpreting the original criminal statute of limitations and amendment at issue here. In *State v. Montoya*, 2010-NMSC-026, 148 N.M. 305, 236 P.2d 24, the Court engaged in the same general retroactivity analysis described in *Andrew*, *see* 2010-NMSC-026, ¶¶ 8-9, similarly concluding that "[a] statute … is considered retroactive if it impairs vested rights acquired under prior law…." *Id.*, ¶ 9 (citing *Howell v. Heim*, 118 N.M. 500, 506, 882 P.2d 541, 547 (1994). The New Mexico court however, noted an important limitation: unless rooted in a statutory right, a civil statute of limitations does not create a vested right in the defendant and can be amended anytime with application to any suit filed after the effective date, regardless of the date of injury. *Id.*, ¶ 12.

The *Montoya* court then, in contrast to *Andrew*, examined additional principles relevant to criminal laws. 2020-NMSC-026, ¶¶ 10-18. Criminal limitations, it noted, "'represent legislative assessments of relative interests of the State and the defendant in administering and receiving justice'", ¶ 10 (quoting *United States v. Marion*, 404 U.S. 317, 323 (1971), and

4

>are entirely subject to the will of the Legislature, and may be changed or repealed altogether in any case where a right to acquittal has not been absolutely acquired by the completion of the [original] period of limitation … The State makes no contract with criminals at the time of the passage of acts of limitations that they shall have immunity from punishment if not prosecuted within the statutory period.

*Id.* (quoting *People v. Isaacs*, 37 Ill. 2d 205, 226 N.E.2d 38, 51-52 (1967)) (internal quotation marks and citation omitted) (bracketed language in original).  In short, "a criminal defendant 'has no legitimate expectancy interest in the application of [the original unexpired] limitation period.'"  *Id.* (citing *State v. Skakel*, 276 Conn. 633, 888 A. 2d 985 (2006)).  The Montoya court clearly and unequivocally refutes Blea's paradigm of amendments to criminal statutes of limitations: "[b]ecause a defendant does not have a vested interest in an unexpired statute of limitations, a legislative amendment extending or abolishing the limitation period does not impair vested rights…." *Id.*

*Montoya* clearly states another fundamental reason why a criminal defendant in Blea's circumstance cannot claim a right to a pre-amendment limitations period.  Referring to the exact statutory history cited here, "[s]tated simply, the 1997 amendment is not retroactive in nature because it 'bar[s] only prospective prosecutions.'"  *Id.*, ¶ 11 (citing *State v. Schultzen*, 522 N.W.2d 833, 835 (Iowa 1994)).  In other words, a criminal statute of limitations is a constraint on prosecutors; the limitation that applies is the current law on the date the prosecution begins, rather than the date of offense or the date of the first report to law enforcement.

*Montoya*'s particular holding is precisely on point in this case, explaining why it was applied against Blea by the New Mexico Court of Appeals: "the statute of limitations governing Defendant's conduct after July 1, 1982 [the earliest reach back of the amended period] had not expired prior to the effective date of the 1997 amendment and, therefore,

5

Defendant was not, at any time, free from prosecution. Thus, Defendant did not have a vested or substantive right in the original limitations period and application of the 1997 amendment is not retroactive." *Id.*, ¶ 17 (bracketed language added). Blea, like Montoya, remained subject to prosecution under the original limitations period without expiration up to the effective date of the 1997 amendment, which became the applicable statute of limitations when his prosecution commenced in 2010.

### b. Blea's second argument that applying the extended limitations period is unconstitutional fails.

Blea's second argument is that application of the extended limitations period in his situation would render it an ex post facto law and thus void under the Constitution of the United States.[2] That argument is punctured by the federal law defining ex post facto laws in combination with the principle, discussed above, that criminal statutes of limitations provide protection from prosecution only upon expiration of the limitations period and not before. *See generally Stogner v. California*, 539 U.S. 607 (2003). The fact pattern in *Stogner* is inapposite to Blea's case, as Stogner's prosecution was time-barred by expiration of the limitations period before California amended and extended the statute of limitations. *Id.* at 609-10. Considering four classic categories of ex post facto laws long accepted in federal jurisprudence, the *Stogner* Court concentrated on the second category and held that, where a criminal who was at risk of prosecution and punishment survives the limitations period and is no longer at risk, the state cannot then extend the prior limitations to pull him back into a new prosecution without effectively applying a greater "punishment" for a greater "crime" than he committed. *Id.* at 610-12. Such a law impermissibly "inflict[s] punishments, where the party was not, by law,

---

[2] Blea also cites the ex post facto clause of the New Mexico Constitution, but the federal court in habeas corpus proceedings does not decide state constitutional issues.

liable to any punishment." *Id.*, at 613 (quoting *Calder v. Bull*, 3 Dall. 386, 389, 1 L.Ed. 648 (1798) (internal quotation marks omitted)). On the other hand, where a defendant such as Blea was never free from prosecution, the extension of the time limit does not increase the punishment for the original crime and is not ex post facto.

Therefore, contrary to Blea's argument, he had no vested right to shelter under the fifteen-year duration of the original statute of limitations and, absent such a right, there was no ex post facto violation when the expanded limitation was applied to his prosecution. Nor was he free from prosecution for any period of time prior to extension of the limitations period by the 1997 amendment, and so there is no ex post facto violation. In short, Blea's sole legal challenge to his conviction and sentence is flawed and mistaken, and so allowing him to amend his petition and go forward would be futile.

## CONCLUSION AND RECOMMENDATION

Based on the analysis above, I recommend that the Court deny Blea's motion to amend as futile. In the absence of an amended petition, Blea has failed to state a cognizable claim for relief. Therefore, I further recommend that the Court dismiss this matter and terminate all pending motions as moot.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**