THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH BLEA,

    Petitioner,

v.                                                                                                               No. 2:20-cv-00986-JCH-JHR

RICHARD MARTINEZ and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Petitioner Joseph Blea's *Submission of Objections to Proposed Findings and Recommended Disposition by Magistrate Judge Jerry H. Ritter along with Petitioner's Request that the Honorable Court Accept Amended § 2254 Petition for Federal Habeas Relief* (ECF No. 29). The Honorable Jerry H. Ritter filed his *Proposed Findings and Recommended Decision Denying Motion to Amend Habeas Corpus Petition and Dismissing Case* ("PFRD") (ECF No. 28) on March 17, 2023. He recommends that the motion to amend be denied as futile, Mr. Blea's § 2254 petition be dismissed, and all pending motions be terminated as moot.

After Judge Ritter notified the parties of the 14-day deadline for objections in the PFRD, (PRFD 7, ECF No. 28), Mr. Blea filed his objections on April 10, 2023, asserting that they are timely because he was served on March 22, 2023, and he placed his written objections into the mail system on April 5, 2023. (Pet'r's Obj. 1, ECF No. 29.) On April 21, 2023, Respondents filed a response to the objections (ECF No. 30), and do not dispute that the objections were timely filed. Having conducted a de novo review of the Objections, the Court overrules them, adopts the PFRD in its entirety, denies Mr. Blea's motion to amend, and dismisses the case with prejudice.

I.  BACKGROUND

In 2015, Petitioner Joseph Blea was convicted by a jury of two first-degree felonies that occurred on November 2, 1988: criminal sexual penetration (force/coercion) in violation of N.M. Stat. Ann. § 30-9-11 and kidnapping in violation of N.M. Stat. Ann. § 30-4-1. (*See* Judgment, ECF No. 11-1 at 1, 184-85.) At the time the crimes occurred, the limitation period for first-degree felonies was 15 years. *See State v. Morales*, 2010-NMSC-026, ¶ 7, 148 N.M. 305 (citing 1979 N.M. Laws, Ch. 5, § 1). Effective 1997, the New Mexico legislature amended N.M. Stat. Ann. § 30-1-8 to provide that "for a capital felony or a first-degree violent felony, no limitation period shall exist and prosecution for these crimes may commence at any time after the occurrence of the crime," effective on July 1, 1997. *See* 1997 N.M. Laws, ch. 157 (H.B. 720) (hereinafter the "1997 Amendment").

In his § 2254 petition and proposed amended petition, Mr. Blea argues that his prosecution was barred by the 15-year statute of limitations in place at the time the crime occurred. He asserts that the 1987 Tolling Provision precludes retroactive application of the 1997 Amendment, or alternatively, that his rights vested and precluded retroactive application of the 1997 Amendment. (*See* Proposed Petition, ECF No. 25-1 at 6 of 58.) On August 11, 2022, Mr. Blea filed a *Motion to Amend 28 U.S.C. Section 2254 Habeas Corpus Petition* (ECF No. 25), in which he clarified:

> [P]etitioner withdraws all claims from his previously filed § 2254 federal habeas corpus petition (Doc. 7) and submits an amended § 2254 habeas corpus petition that addresses only those claims that are part and parcel to the 'applicability of the 1997 Amendment to § 30-1-8, <u>as concerns the instant case</u>. Therein, petitioner addresses IAC (both error and prejudice, <u>vested/accrued rights</u> (or not), and the <u>substantive law of the 1987 Tolling Provision</u> (NMSA 1978, § 30-1-9.1 (1987)) (offenses that can be <u>properly tolled</u> and those that cannot be <u>properly tolled</u>).

(Pet'r's Mot. 8, ECF No. 25) (underlining in original). Following full briefing on the motion, Judge Ritter entered his PFRD recommending that the motion to amend be denied and this matter be dismissed.

2

## II. STANDARD

The Court makes a de novo determination of those portions of the PFRD to which Mr. Blea objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1). De novo review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 584 (10th Cir. 1995). A "party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996). Thus, failure to make a timely and specific objection to a PFRD waives de novo review.

A habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. When a party moves to amend, a court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave sought must be freely given in the absence of any justifiable reason for the denial of the motion, such as futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile if the petition, as amended, would be subject to dismissal. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

## III. ANALYSIS

A § 2254 habeas corpus petition shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Article I, section 10, of the United States Constitution prohibits a State from passing any "ex post facto

Law." U.S. Const., Art. I, § 10, cl. 1. A statute that deprives a defendant of any defense that was available by law at the time when the act was committed violates the *Ex Post Facto* Clause. *Dobbert v. Florida*, 432 U.S. 282, 292 (1977) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169-70 (1925)). A "law enacted after expiration of a previously applicable limitations period violates the *Ex Post Facto* Clause when it is applied to revive a previously time-barred prosecution." *Stogner v. California*, 539 U.S. 607, 632-33 (2003). To "hold that such a law is *ex post facto* does not prevent the State from extending time limits for the prosecution of future offenses, or for prosecutions not yet time barred." *Id.* at 632.

In his first objection, Mr. Blea argues that the Magistrate Judge erred in recommending the denial of his proposed amended § 2254 petition and dismissing his case because "he is entitled to the statute of limitations defense that vested when the cause of action accrued." (Pet'r's Obj. 4, ECF No. 29.) It is undisputed that, at the time the crimes occurred and were reported, the statute of limitations for the crimes was 15 years. At that time, the deadline for prosecuting such crimes would have been in 2003, well before the prosecution that commenced in 2010. Before the 2003 expiration date, however, in 1997 the New Mexico Legislature abolished the 15-year limitations period for all capital and first-degree felonies. Mr. Blea argues that retroactive application of the 1997 amendment extending the statute of limitations for his crimes was impermissible where the State's right of action and any liabilities attached thereto vested and accrued prior to the effective date of the amendment. According to Mr. Blea, a cause of action accrues when the authorities acquire knowledge that an offense has been committed, and that upon that accrual, the statute of limitations becomes specifically tied to the right and limits both the right and remedy. In this manner, he attempts to distinguish the case of *State v. Morales*, 2010-NMSC-026, 148 N.M. 305, upon which Judge Ritter relied.

Mr. Blea argues that in *Morales*, law enforcement did not become aware of the offenses until after July 1, 1997, so the State's right of action never vested or accrued before the 1997 amendment. In contrast, Mr. Blea asserts that in his case the crime was immediately reported to law enforcement, so the pre-amendment 15-year statute of limitations vested, and the retroactive application of the longer statute of limitations violates the *Ex Post Facto* clause. The Court, however, finds Judge Ritter's analysis sound and disagrees with Mr. Blea that the reasoning of *Morales* is limited to crimes that were not reported to law enforcement until after the expiration of the statute of limitations.

As an initial matter, it is not clear from *Morales* when the crime was reported to law enforcement. Nevertheless, that fact does not affect the New Mexico Supreme Court's holding that the New Mexico Legislature intended the 1997 amendment to apply retroactively to unexpired criminal conduct committed before the amendment's effective date of July 1, 1997. *Morales*, 2010-NMSC-026, ¶¶ 6, 20. Consequently, first-degree crimes committed in New Mexico after July 1, 1982, as is the case here, "are not time-barred." *Id.*

The New Mexico Supreme Court's conclusion in *Morales* does not violate the *Ex Post Facto* Clause. Application of the 1997 Amendments to crimes occurring after July 1, 1982, do not revive previously time-barred prosecutions because, at the time of the effective date of the 1997 Amendments, crimes that took place after July 1, 1982, were not yet time barred. *See Stogner*, 539 U.S. at 632-33 (suggesting in dicta that extensions of unexpired statute of limitations do not violate Ex Post Facto Clause); *United States v. Glenn*, No. 21-5010, 2021 WL 5873144, at *2 (10th Cir. Dec. 13, 2021) ("In *United States v. Taliaferro*, 979 F.2d 1399, 1402 (10th Cir. 1992), we held that 'the application of an extended statute of limitations to offenses occurring prior to the legislative extension, where the prior and shorter statute of limitations has not run as of the date of

5

such extension, does not violate the *ex post facto* clause.' The Supreme Court's *Stogner* decision expressly avoided opining on this scenario…. *Taliaferro* therefore remains good law."); *Taliaferro*, 979 F.2d at 1403 ("Since the original statute of limitations had not run on any of Taliaferro's statutory violations and Congress has the authority to extend a statute of limitations where the original time period has not run, 18 U.S.C. § 3293 does not violate the *ex post facto* clause of the Constitution."). The Court therefore agrees with Judge Ritter's analysis that "where a defendant such as Blea was never free from prosecution, the extension of the time limit does not increase the punishment for the original crimes and is not ex post facto," (PFRD 7, ECF No. 28). Accordingly, the Court overrules Mr. Blea's first objection.

Next, Mr. Blea contends that his case is governed by the 1987 Tolling Provision, N.M. Stat. Ann. § 30-1-9.1, which is "substantive law that cannot be altered or impaired," and which precludes retroactive application of the 1997 Amendments. (Pet'r's Obj. 25, ECF No. 29.) He argues Judge Ritter erred in not addressing this argument. (*Id.* at 25.)

Section 30-1-9.1, enacted in 1987, provides that the "applicable time period for commencing prosecution pursuant to Section 30-1-8 NMSA 1978 shall not commence to run for an alleged violation of Section 30-6-1, 30-9-11 or 30-9-13 NMSA 1978 until the victim attains the age of eighteen or the violation is reported to a law enforcement agency, whichever occurs first." N.M. Stat. Ann. § 30-1-9.1. This Tolling Provision does not preclude application of the 1997 Amendment to this case. Here, Mr. Blea asserts that the violation was reported to law enforcement immediately, so for crimes subject to the Tolling Provision, the reporting date commenced the running of the clock for prosecution. But, as discussed *supra*, the New Mexico Legislature passed the 1997 Amendments before the 15-year statute of limitations expired for the crimes reported in 1988. Mr. Blea was thus at no time free from prosecution, and he had no vested right in the original

15-year limitations period. Consequently, prosecuting him for the first-degree crimes did not violate the *Ex Post Facto* Clause and his objection based on the Tolling Provision is overruled.

Mr. Blea also objects to the PFRD on the basis that Judge Ritter erred in concluding he did not include all his arguments and relevant facts in his habeas petition and that "defense counsel's failure to present petitioner's argument (failure to brief) constituted 'constructive denial of counsel.'" (*See* Pet'r's Obj. 3, ECF No. 29.) According to Mr. Blea, "[p]resentation of the relevant habeas facts would have asserted and supported a 'due process' violation and an ex post violation," and that the prosecution case's was never subjected to the adversarial process because the record was incomplete. (*Id.*)

Judge Ritter correctly concluded that Mr. Blea's claim for violation of the *Ex Post Facto* Clause was based on facts that were not disputed and a decision could be resolved on the record as a matter of law without the need for an evidentiary hearing. (PFRD 2, ECF No. 28.) As discussed *supra*, Mr. Blea's argument that his prosecution violated the *Ex Post Facto* Clause fails on its merits, and thus, the purported failure of his defense counsel to make this meritless argument does not constitute a denial of counsel. *Cf. Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (in order to establish an ineffective assistance claim, a movant must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense").

As for Mr. Blea's due process violation claim, Judge Ritter correctly construed Mr. Blea's proposed amended petition as asserting a due process claim based on the same arguments as supporting his *ex post facto* violation claim. (*See* PFRD 2, ECF No. 28.) As alleged in his proposed amended petition, and as limited in his motion to amend, Mr. Blea's due process claim is based on the failure of his defense counsel to brief his due process claim, to develop the relevant facts and

law in support, and thus to present a complete defense. (*See* Pet'r's Mot. to Amend 4, ECF No. 25.) Mr. Blea asserts that his due process claim arises from his defense counsel's failure to raise the issue of vested rights and the Tolling Provision, which according to him, preclude retroactive application of the 1997 Amendment. (*See* Pet'r's Proposed Am. Petition, ECF No. 25-1 at 7 of 58.) The record was sufficiently developed for both his *ex post facto* and due process claims, and those claims lacked merit as a matter of law. Consequently, Mr. Blea could not plausibly state a claim for ineffective assistance of counsel arising from the failure to raise those issues. To the extent that Mr. Blea attempted to assert other due process theories, the Court agrees with Judge Ritter that Mr. Blea's claim lacked factual or legal development to plausibly allege an alternative claim. (*See* PFRD 2 n.1, ECF No. 28.) The Court finds Judge Ritter correctly decided these issues and overrules this last objection.

## IV.    CERTIFICATE OF APPEALABILITY

In a habeas proceeding, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. To be entitled to a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate the Court's conclusions that Mr. Blea's claims of violations of the *Ex Post Facto* Clause and due process were meritless. The Court therefore will deny a certificate of appealability.

## V.    CONCLUSION

According to Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record and all parts of the Magistrate Judge's PFRD to which the Petitioner has properly objected. After conducting this de novo review and having thoroughly considered the PFRD, objections, and response, the Court finds no reason in law or fact to depart from the Magistrate Judge's recommended disposition. Mr. Blea failed to state in his proposed § 2254 petition or in his objections how the state court's rejection of his statute-of-limitations and *ex post facto* arguments was contrary to or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d). As Judge Ritter correctly concluded, Mr. Blea's "legal challenge to his conviction and sentence is flawed and mistaken, and so allowing him to amend his petition and go forward would be futile." (PFRD 7, ECF No. 28.)

For these reasons, it is ordered that:

1. Petitioner Joseph Blea's *Submission of Objections to Proposed Findings and Recommended Disposition by Magistrate Judge Jerry H. Ritter along with Petitioner's Request that the Honorable Court Accept Amended § 2254 Petition for Federal Habeas Relief* (ECF No. 29) are OVERRULED.

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (ECF No. 28) is ADOPTED.

3. Petitioner Joseph Blea's *Motion to Amend 28 U.S.C. Section 2254 Habeas Corpus Petition* (ECF No. 25) is DENIED.

4. Petitioner Joseph Blea's case is DISMISSED with prejudice.

5. A certificate of appealability is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE